UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

**vs.**

**SAMUEL DAVIS,**
        **Defendant.**

**JUDGE JAMES C. MAHAN'S
ORDER REGARDING TRIAL**

**2:09-cr-0078-JCM-RJJ**

1.  Attached hereto is a list of cases that are presently scheduled for trial before the **Honorable James C. Mahan, United States District Judge, at Las Vegas, Nevada,** commencing on **MONDAY** the **22nd day of FEBRUARY 2010**, at **9:00 a.m.  This is a two-week trial stack**.

2.  Counsel for all parties in the civil and criminal cases shall appear in Courtroom **6A** on **WEDNESDAY,** the **17th day of FEBRUARY 2010**, at **1:30 p.m.** for calendar call. Unless a party in a civil case or a defendant in a criminal case is appearing pro se, the individual parties in civil cases and the defendants in criminal cases will not be required to appear for calendar call unless the court directs otherwise.

3.  Counsel or their clients will be excused from calendar call if prior to the scheduled calendar call settlement papers have been filed in a civil case or a defendant's plea of guilty or nolo contendere has been accepted in a criminal case.

4.  **At calendar call**, all cases that remain to be tried will be ranked in order of trial.  Thereafter, the court will not grant a continuance to any party absent a showing of good cause.  Unless the court otherwise directs, the cases will be tried one after the other on **TWENTY-FOUR (24) HOURS'** notice from the clerk.

1

5. **CHANGE OF PLEA HEARINGS**.  Change of plea hearings will be set on the first available date on the court's calendar.  It shall be the joint responsibility of counsel for the United States and for defendants(s) to ensure that the original and two copies of the plea agreement (or a plea memorandum in cases of no plea agreement), together with a copy of the indictment, are delivered to David Oakes, deputy clerk.  **Change of plea hearings will not be heard at calendar call, and will not be set until a signed courtesy copy of the plea agreement (or a plea memorandum) is either delivered directly to David Oakes, deputy clerk and or faxed to chambers.**  It shall further be the responsibility of counsel for the United States to ensure that any necessary produce orders, or writs of habeas corpus ad prosequendum are timely delivered to the United States marshal to ensure the presence of all in-custody defendants for a change of plea, and to ensure proper notification for the attendance of any court interpreter which may be required for the particular case.

6. **STATUS HEARING**.  The court may conduct a status conference prior to the scheduled calendar call.  If the court is satisfied during the status conference that the case is ready for trial, the court may vacate the calendar call.

7. **WITNESSES**.  Counsel shall immediately subpoena all witnesses for the time and trial date as listed above.  Inasmuch as the cases will be tried in a trailing fashion, the subpoenas should contain a special instruction from counsel directing witnesses to contact the office of counsel for further instructions prior to appearing for trial.  Witnesses are not required to be present at the calendar call but must appear as subpoenaed.

8. **EXHIBITS.**  At calendar call counsel shall supply Judge Mahan's courtroom deputy clerk with the **original and one copy** of a complete exhibit list of all exhibits that are intended to be used during the trial.  At the same time, counsel shall serve upon opposing counsel a copy of the same. **Numerals** shall be used to identify all exhibits.  **Plaintiffs' exhibits** shall be marked <u>1 through 500.</u> **Defendants' exhibits** shall be marked <u>501 through 1000.</u>  Exhibits that are on the same subject matter may be marked as a series: that is, Plaintiff's 1-A, 1-B, etc., and Defendant's 501-A, 501-B, etc.  The exhibits shall be listed on the form to be provided by the clerk and

pursuant to the instructions as shall be supplied by the clerk.  Counsel may use computer-generated exhibit lists so long as they conform to the requirements of the form that is provided by the clerk. Counsel shall retain possession of their exhibits until such time as they are identified in open court; afterward, the exhibits shall remain in the custody of the clerk, unless otherwise ordered.

9.  **MARKING EXHIBITS.**  During preparations for trial, counsel for all parties shall meet, confer, and exchange all trial exhibits at calendar call.

10.  **WITNESS LISTS:  At calendar call**, counsel and any party appearing pro se, shall file with the courtroom deputy clerk a **list of witnesses** expected to be called on behalf of each party for use by the court during jury selection.

11.  **STATEMENT OF THE CASE: At calendar call**, counsel and any party appearing pro se shall file with the courtroom deputy clerk a brief statement of the case, no longer than one-half page, stating the nature of the claims and offenses, to be read to prospective jurors at the time of jury selection.  In a criminal case, a copy of the Indictment, indicating which portions should be read to the jury, will satisfy this requirement.

12.  **JURY INSTRUCTIONS IN CRIMINAL CASES**.  Counsel are to comply with the "Order Regarding Pretrial Procedure."  **At calendar call**, **counsel are required to jointly file one set of agreed-upon proposed jury instructions and form of a verdict at calendar call to the Court both in document form and on computer disk in WordPerfect format.**  The parties are further advised that the undersigned district judge has developed his own "stock" or "general" jury instructions drawn principally from the **Manual of Model Criminal Jury Instructions for the Ninth Circuit.**

13.  **GOVERNMENT'S TRIAL MEMORANDUM**.  In all criminal cases, Plaintiff United States shall file its original **government's trial memorandum** under seal at **calendar call** and shall also provide a reading copy for the court.  The government's trial memorandum shall be served on counsel for defendant on the date trial commences.

14. **JURY INSTRUCTIONS IN CIVIL CASES.**  In all civil cases to be tried before a jury, counsel and any parties appearing pro se are required to **jointly file one set of agreed-upon jury instructions and form of a verdict at calendar call both  in document form and on computer disk in WordPerfect format.**  To meet this requirement, the parties are required to serve their proposed jury instructions upon each other at least **two weeks prior to trial and file those with the court on the date indicated in the pretrial order, and to thereafter confer to arrive at a single set of jointly agreed upon jury instructions.**  To the extent the parties are unable to agree as to the form of any particular instruction(s), each party shall also file at **calendar call** the jury instruction(s) which are not agreed upon together with the respective arguments and authorities of the parties in support thereof.

The parties are further advised that the undersigned district judge has developed his own "stock" or "general" jury instructions drawn principally from the **Manual of Model Civil Jury Instructions for the Ninth Circuit.**  Therefore, the efforts of the parties in preparing the jury instructions in compliance with this order should be focused on developing special jury instructions which relate to the particular claims and defenses at issue as well as those relating to the damages and any special evidentiary matters pertinent to the case.

All proposed jury instructions submitted by the parties should be concise, understandable, and neutral statements of law.  Argumentative jury instructions are improper, will not be given, and should not be submitted.

15. **TRIAL BRIEFS, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW.**  To the extent they have not already done so in accordance with the court's joint pretrial order, counsel for all parties, and any party appearing pro se, shall file an original and two copies of a trial brief in all civil cases at **calendar call**.   Additionally, in all civil cases to be tried before the court sitting without a jury, the parties shall file proposed findings of fact and conclusions of law at **calendar call**. Counsel wishing to utilize the court's evidence display equipment must contact the courtroom deputy to determine its availability and to arrange for training.

16. **TRIAL JUDGE.**   Although the cases that are listed on the attached trial calendar are assigned to Judge Mahan, the cases may proceed to trial before another Nevada district judge or a visiting district judge.

17. **CONSENT TO TRIAL BEFORE A MAGISTRATE JUDGE**.  Counsel and parties in civil actions are reminded of their right to consent to disposition before a United States magistrate judge pursuant to Title 28, Section 636(c)(2) of the United States Code.  The right to proceed before a magistrate judge in a civil case includes those cases that will be tried before a jury as well as those cases to be tried before the court sitting without a jury.  Any appeal from a judgment in a proceeding before a magistrate judge shall be taken directly to the United States court of appeals.  The option to proceed before a magistrate judge is available to the parties at the time an action is commenced.  The court may refuse to approve consent if it appears to be motivated by an effort to delay the proceeding.

18. **SANCTIONS.**  As provided for under the local rules of practices of this court, the court will consider the imposition of sanctions against any attorney who: **(1)** fails to timely file trial briefs, suggested voir dire questions and proposed jury instructions or proposed findings of fact and conclusions of law, whichever is applicable, as prescribed by the pretrial order, order regarding pretrial procedure, scheduling order or any order extending the time for such filings; **(2)** fails to comply with the provision of this order including, but not limited to, the failure to appear for calendar call without first having been excused by the court or the clerk with the permission of the court; or **(3)** fails too timely comply with any other order that schedule deadlines for trial preparation.

19. **CONTACT PERSON**.  All questions and information regarding the trial calendar are to be directed to **DAVID OAKES**, Courtroom Deputy Clerk, at **702-464-5413.**

1   20.  The date of the clerk's file mark shall constitute the date of this order.

2   IT IS SO ORDERED.

3

4

5   JAMES C. MAHAN
    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          6

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# LAS VEGAS, NEVADA
# COURTROOM NO. 6A

**PRESENT THE HONORABLE**          **JAMES C. MAHAN**          **U.S. DISTRICT JUDGE**

David Oakes                                                      Joy Garner

Courtroom Administrator                                          Reporter / Recorder

## Monday, February 22, 2010

## 09:00AM

**2:06-cr-00396-JCM-LRL**                    **USA V HALLOCK**

Jury Trial

**Nancy J. Koppe**                           **Todd M Leventhal - 702-384-1990**

FOR: USA (Plaintiff)                         FOR: Ezra, Hallock (Defendant)

                                             Federal Custody
                                             (1) 18:2252A.F 18:2252A(a)(2) - RECEIPT OF CHILD
                                             PORNOGRAPHY
                                             (2) 18:2252A.F 18:2252A(a)(5)(B) - POSSESSION OF CHILD
                                             PORNOGRAPHY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS, NEVADA
COURTROOM NO. 6A

**PRESENT THE HONORABLE**         **JAMES C. MAHAN**         **U.S. DISTRICT JUDGE**

David Oakes         Joy Garner

Courtroom Administrator         Reporter / Recorder

**Monday, February 22, 2010**

**09:00AM**

**2:08-cr-00136-JCM-GWF**         **USA V SMITH**

Jury Trial

**Paul S. Padda - 702-388-6336**         **Charles E Kelly - 702-385-0777**

FOR: USA (Plaintiff)         FOR: Avery, Smith (Defendant)

Federal Custody

(1) 21:841A=CD.F  21:841(a)(1) and 841(b)(1)(B)(viii) - Possession
With Intgent to Distribute and Distribution of Methamphetamine

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# LAS VEGAS, NEVADA
# COURTROOM NO. 6A

| PRESENT THE HONORABLE | JAMES C. MAHAN | U.S. DISTRICT JUDGE |
|---|---|---|

David Oakes

Courtroom Administrator

Joy Garner

Reporter / Recorder

## Monday, February 22, 2010

## 09:00AM

**2:09-cr-00078-JCM-RJJ**

Jury Trial

**Eric . Johnson - 702-388-6336**

FOR: USA (Plaintiff)

**Daniel D. Hollingsworth**

FOR: USA (Plaintiff)

**J. G. Damm - 702-388-6336**

FOR: USA (Plaintiff)

**USA V DAVIS**

**Todd M Leventhal - 702-384-1990**

FOR: Samuel, Davis (Defendant)

PR Bond
(1) 18:1956-1100.F  18:1656(h) - Conspiracy to Commit MONEY LAUNDERING
(2-31) 18:1956-1100.F  18:1656(a)(3)(A) and 2 - MONEY LAUNDERING ; and Aiding and Abetting

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## LAS VEGAS, NEVADA
## COURTROOM NO. 6A

**PRESENT THE HONORABLE**          **JAMES C. MAHAN**          **U.S. DISTRICT JUDGE**

David Oakes                                                                    Joy Garner

Courtroom Administrator                                              Reporter / Recorder

## Monday, February 22, 2010

## 09:00AM

**2:09-cr-00163-JCM-LRL**                    **USA V GATEWAY**

Jury Trial

**Robert A Bork**                                     **Brenda, Weksler - 702-388-6577**

FOR: USA (Plaintiff)                              FOR: Jaime, Gastelum-Sanchez (Defendant)

Federal Custody

(1) 8:1326.F  8:1326 - Deported Alien Found Unlawfully in the
United States

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## LAS VEGAS, NEVADA
## COURTROOM NO. 6A

| PRESENT THE HONORABLE | JAMES C. MAHAN | U.S. DISTRICT JUDGE |
|---|---|---|

David Oakes

Courtroom Administrator

Joy Garner

Reporter / Recorder

## Monday, February 22, 2010

## 09:00AM

**2:09-cr-00164-JCM-GWF**

Jury Trial

**Robert A Bork**

FOR: USA (Plaintiff)

**USA V SPRINT**

**Paul, Riddle - 702-388-6577**

FOR: Marco Antonio Arreola-Leon (Defendant)

Federal Custody

(1) 8:1326.F  8:1326 - Deported Alien Found Unlawfully in the United States

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## LAS VEGAS, NEVADA
## COURTROOM NO. 6A

**PRESENT THE HONORABLE**       **JAMES C. MAHAN**       **U.S. DISTRICT JUDGE**

David Oakes                                                   Joy Garner

Courtroom Administrator                                       Reporter / Recorder

## Monday, February 22, 2010

### 09:00AM

**2:09-cr-00293-JCM-PAL**              USA V SARABIA-CORONEL

Jury Trial

**Robert A Bork**                           **Paul, Riddle - 702-388-6577**

FOR: USA (Plaintiff)                    FOR: Simon, Sarabia-Coronel (Defendant)

                                        Federal Custody

**An, Nguyen - (702) 388-6336**          (1) 8:1326.F  8:1326 - Deported Alien Found Unlawfully in the
United States
FOR: USA (Plaintiff)

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# LAS VEGAS, NEVADA
# COURTROOM NO. 6A

**PRESENT THE HONORABLE**          **JAMES C. MAHAN**          **U.S. DISTRICT JUDGE**

David Oakes                                                    Joy Garner

Courtroom Administrator                                        Reporter / Recorder

## Monday, February 22, 2010

## 09:00AM

**2:09-cr-00303-JCM-LRL**                    **USA V CHRISTIAN**

Jury Trial

**Lucas M Foletta - (702) 388-6308**         **Gary L Myers - 702-240-1980**

FOR: USA (Plaintiff)                         FOR: Eric Leon Christian (Defendant)

                                             Federal Custody
                                             (0) CMP  <B>COUNTS 1 & 2</B> - 18:875(c) - INTERSTATE
                                             COMMUNICATIONS
                                             (1-2) 18:875C.F  18:875(c) - Interstate Communications

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## LAS VEGAS, NEVADA
## COURTROOM NO. 6A

**PRESENT THE HONORABLE**　　　　**JAMES C. MAHAN**　　　　**U.S. DISTRICT JUDGE**

David Oakes                                                                                     Joy Garner

Courtroom Administrator                                                            Reporter / Recorder

## Monday, February 22, 2010

## 09:00AM

**2:09-cr-00351-JCM-RJJ**　　　　　　　　　　**USA V CASILLAS**

Jury Trial

**Drew, Smith - (702)388-6336**　　　　　　　　**Monique N. Kirtley - (702) 388-6577**

FOR: USA (Plaintiff)                                        FOR: Miguel, Casillas (Defendant)

　　　　　　　　　　　　　　　　　　　　　　　　　　PR Bond

(1) 18:922G.F  18:922(g)(1) and 924(a)(2) - Felon in Possession of a Firearm.
(2) 18:922G.F  18:922(g)(1) and 924(a)(2) - Felon in Possession of Ammunition.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## LAS VEGAS, NEVADA
## COURTROOM NO. 6A

**PRESENT THE HONORABLE**　　　　　**JAMES C. MAHAN**　　　　　**U.S. DISTRICT JUDGE**

David Oakes                                                                                Joy Garner

Courtroom Administrator                                                      Reporter / Recorder

## Monday, February 22, 2010

## 09:00AM

**2:09-cr-00448-JCM-RJJ**　　　　　　　　　　**USA V ROMERO**

Jury Trial

**Drew, Smith - (702)388-6336**　　　　　　　**Rebecca A Rosenstein - (702) 388-6577**

FOR: USA (Plaintiff)                                          FOR: Jose, Romero (Defendant)

Federal Custody

(1-2) 18:922G.F  18:922(g)(1) and and 924(a)(2)  - Felon in Possession of a Firearm.
(3) 18:922G.F  18:922(j)  - Possession of a Stolen  Firearm.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# LAS VEGAS, NEVADA
# COURTROOM NO. 6A

| PRESENT THE HONORABLE | JAMES C. MAHAN | U.S. DISTRICT JUDGE |
| --- | --- | --- |

David Oakes

Courtroom Administrator

Joy Garner

Reporter / Recorder

## Monday, February 22, 2010

## 09:00AM

**2:09-cr-00514-JCM-RJJ**

Jury Trial

**Robert A Bork**

FOR: USA (Plaintiff)

**An, Nguyen - (702) 388-6336**

FOR: USA (Plaintiff)

**USA V LEMUS-FIGUEROA**

**Richard F Boulware - 702-388-6577**

FOR: Guillermo, Lemus-Figueroa (Defendant)

Federal Custody

(1) 8:1326.F  8:1326 - Deported Alien Found Unlawfully in the United States

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### RENO, NEVADA

**PRESENT THE HONORABLE**      **JAMES C. MAHAN**      **U.S. DISTRICT JUDGE**

David Oakes                                                           Joy Garner

Courtroom Administrator                                               Reporter / Recorder

## Monday, February 22, 2010

## 09:00AM

**3:08-cr-00119-JCM-RAM**                 **USA V CECIL**

Jury Trial

**James E Keller - 775-784-5438**          **Donald Y Evans**

FOR: USA (Plaintiff)                       FOR: Shelby, Cecil (Defendant)

                                           PR Bond

**Sue, Fahami - (775)784-5438**            (1) 18:371.F  Conspiracy to Defraud the United States

FOR: USA (Plaintiff)                       (2) 18:1519.F  Falsification of Records; 18:2 - Aiding and Abetting.

                                           (3) 18:287.F  False Claims; 18:2 - Aiding and Abetting

                                           (4) 18:1001.F  False Statement; 18:2 - Aiding and Abetting

                                           (5) 18:1519.F  Falsification of Records; 18:2 - Aiding and Abetting

                                           (6) 18:287.F  False Claims; 18:2 - Aiding and Abetting

                                           (7) 18:1001.F  False Statement; 18:2 - Aiding and Abetting

                                           (8) 18:1519.F  Falsification of Records; 18:2 - Aiding and Abetting

                                           (9) 18:287.F  False Claims; 18:2 - Aiding and Abetting

                                           (10) 18:1001.F  False Statement; 18:2 - Aiding and Abetting

CRIMINAL JURY INSTRUCTIONS

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

*-oOo-*

```
                          )
                          )
                          )    CR-S-
                          )
                          )    JURY INSTRUCTIONS
                          )
                          )
                          )
                          )
_____)
```

Members of the jury, now that you have heard all the evidence (and the arguments of the lawyers), it is my duty to instruct you on the law which applies in this case.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I gave it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

The indictment is not evidence. It is simply the description of the charges made by the government against the defendant. You are here to determine from the evidence whether the defendant is guilty or not guilty. You are not called upon to return a verdict as to the guilt of any other person or persons. The defendant is not on trial for any act or conduct not alleged in the indictment.

The law presumes a defendant to be innocent of crime. The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant no to testify. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must acquit him.

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

I have told you that the government must prove a defendant's guilt beyond a reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not, however, proof beyond all possible doubt.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witnesses; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eye witness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense and experience.

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you.

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times, is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

After you·have reached unanimous agreement on a verdict, your foreperson will fill in the forms that will be given to you, sign and date them and advise the marshal or bailiff outside your door that you are ready to return to the courtroom.

/ / /

/ / /

/ / /

/ / /

/ / /

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal or bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

# EXHIBIT LIST

Case No. _____                    Page ___ of ___ page:

_____ vs. _____

Exhibits on behalf of: _____

| DATE ADMITTED | DATE MARKED | IDENTIFICATION | | DESCRIPTION |
|---|---|---|---|---|
| | | NO. | WITNESS | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

# Sample of

# Plaintiff's

# Exhibit

Plaintiff Exhibit Sticker #1

# Sample of

# Defendants

# Exhibit

Defendant Exhibit Sticker #501