TODD M. LEVENTHAL, ESQ
Nevada Bar No. 008543
600 South Third Street
Las Vegas, Nevada 89101
(702) 384-1990
Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>SAMUEL DAVIS AND SHAWN RICE,<br><br>        Defendant. | CR-S-09-0078-JCM-RJJ<br><br>**MOTION TO CONTINUE TIME FOR TRIAL AND MOTIONS DEADLINES** |

      COMES NOW, Todd M. Leventhal, Esq., attorney of record for SAMUEL DAVIS, and moves for a continuance of the current trial date of February 22, 2010 for approximately 90 days to a date and time convenient to the Court.  Defense Counsel has conferred with the United States as to a stipulation to continue trial. Co-defendant in this matter, Mr. Rice has indicated that he takes no position either way but will not sign a stipulation to continue the matter. Defense counsel requests the continuance to allow sufficient time to review voluminous discovery in this matter.  In addition, Defense counsel has a another trial before this Honorable Court in the matter of United States v. Ezra Hallock.  Defense counsel believes, at the time of this writing, that Mr. Hallocks case will proceed to trial.  Mr. Hallocks case was generated in 2006, and Mr. Hallock is in custody.

1. The indictment charges defendants SAMUEL DAVIS and SHAWN RICE with money laundering under Title 18, United States Code, Section 1956, involving over $1,200,000 in funds laundered through third party or shell bank accounts. The charges in the indictment are the result of a long term and complex undercover investigation of defendants and their associates starting almost four years ago in 2006.

2. Discovery in this case is voluminous, including lengthy, multiple recordings of defendants and their associates. This case involves a long term investigation dating primarily back to 2006 and a large portion of the evidence concerns extensive undercover meetings which were recorded. The instant case is part of a collective group of cases involving approximately 184 audio and video recordings, many several hours in length, and over 46,000 pages of documents. All together the recording involve approximately 660 hours of conversation. One or both of the defendants in the instant case are personally involved in 85 recordings involving approximately 280 hours of conversation.

3. Defense counsel has approached Mr. Rice, who currently is a pro se defendant in this matter and Mr. Rice has informed defense counsel that he has no position either way, however he would not sign a stipulation.

4. Defense counsel has approached the Government's attorney Mr. Gregory Damm regarding a stipulation. Mr. Damm indicated he would have signed a stipulation to continue the matter as long as Mr. Rice signed the stipulation. However, Defense counsel believes that the Government does not oppose this request.

5. Despite the efforts of defense counsel, the discovery in this case is voluminous. Defense counsel needs additional time to adequately consider and research any pretrial motions and to prepare for trial. The recordings in the case, which have been turned over, involve several hundred hours of recordings. More than 40,000 documents have been gathered in the investigation. To provide effective assistance of counsel, defense counsel will require substantial time to adequately review the evidence and discovery and prepare pretrial motions and prepare for trial.

6. Both defendants are released pending trial on their personal recognizance.

7. The additional time requested herein is not sought for purposes of delay but merely to allow counsel for the Defendant sufficient time, in light of the above, within which to be able to review discovery in this complex matter and to allow counsel for the Defendant sufficient time, in light of the above, to effectively and thoroughly review the evidence in the above captioned matter and thereafter sufficient time within which to be able to effectively and

thoroughly research, prepare and participate in the trial of this matter, taking into account the exercise of due diligence.

8. Additionally, denial of this request for continuance could result in a miscarriage of justice.

9. Counsel for the Defendant does not make this motion for the purpose of delay, but to allow sufficient time for all parties to fully prepare for trial and to participate in trial.

10. The ends of justice served by this request for a continuance of the trial date outweigh the interest of the public and the Defendants in a speedy trial, considering the factors, among others, set forth in Title 18, United States Code, Sections 3161(h)(8)(B)(iv). Defendants are not incarcerated and would not be significantly inconvenienced by an approximately 90 day delay of the trial.

11. The additional time requested by the Defendant's motion is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1)(F), 3161(h)(7), and 3161(h)(8)(A) when considering the factors, among others, under Section 3161(h)(8)(B)(iv).

12. This is the first request for continuance of the trial date by the Defendant Counsel.

DATED this 13 th day of February, 2010.

               _____-s- *Todd M. Leventhal*_____

                 Todd M Leventhal

1  TODD M. LEVENTHAL, ESQ
   Nevada Bar No. 008543
2  600 South Third Street
   Las Vegas, Nevada 89101
3  (702) 384-1990
   Attorney for Defendant
4

5              **UNITED STATES DISTRICT COURT**

6                   **DISTRICT OF NEVADA**

7

| | | |
|---|---|---|
| 8  UNITED STATES OF AMERICA, | ) | |
|                              | ) | CR-S-09-0078-JCM-RJJ |
| 9             Plaintiff,     | ) | |
|                              | ) | **ORDER** |
| 10       vs.                 | ) | |
|                              | ) | |
| 11 SAMUEL DAVIS AND SHAWN RICE, | ) | |
|                              | ) | |
| 12            Defendant.     | ) | |
|                              | ) | |

13

14  Based on the Defendant's motion and good cause appearing therefore, the Court finds that:

15

16  1. The indictment charges defendants SAMUEL DAVIS and SHAWN RICE with money

17  laundering under Title 18, United States Code, Section 1956, involving over $1,200,000 in funds

18  laundered through third party or shell bank accounts. The charges in the indictment are the result

19  of a long term and complex undercover investigation of defendants and their associates starting

20  almost four years ago in 2006.

21  2. Discovery in this case is voluminous, including lengthy, multiple recordings of

22  defendants and their associates. This case involves a long term investigation dating primarily

23  back to 2006 and a large portion of the evidence concerns extensive undercover meetings which

24  were recorded. The instant case is part of a collective group of cases involving approximately

25  184 audio and video recordings, many several hours in length, and over 46,000 pages of

26  documents. All together the recording involve approximately 660 hours of conversation. One or

27  both of the defendants in the instant case are personally involved in 85 recordings involving

28  approximately 280 hours of conversation.

3. Defense counsel has approached Mr. Rice, who currently is a pro se defendant in this matter and Mr. Rice has informed defense counsel that he has no position either way, however he would not sign a stipulation.

4. Defense counsel has approached the Government's attorney Mr. Gregory Damm regarding a stipulation. Mr. Damm indicated he would have signed a stipulation to continue the matter as long as Mr. Rice signed the stipulation. However, Defense counsel believes that the Government does not oppose this request.

5. Despite the efforts of defense counsel, the discovery in this case is voluminous. Defense counsel needs additional time to adequately consider and research any pretrial motions and to prepare for trial. The recordings in the case, which have been turned over, involve several hundred hours of recordings. More than 40,000 documents have been gathered in the investigation. To provide effective assistance of counsel, defense counsel will require substantial time to adequately review the evidence and discovery and prepare pretrial motions and prepare for trial.

6. Both defendants are released pending trial on their personal recognizance.

7. The additional time requested herein is not sought for purposes of delay but merely to allow counsel for the Defendant sufficient time, in light of the above, within which to be able to review discovery in this complex matter and to allow counsel for the Defendant sufficient time, in light of the above, to effectively and thoroughly review the evidence in the above captioned matter and thereafter sufficient time within which to be able to effectively and thoroughly research, prepare and participate in the trial of this matter, taking into account the exercise of due diligence.

8. Additionally, denial of this request for continuance could result in a miscarriage of justice.

9. Counsel for the Defendant does not make this motion for the purpose of delay, but to allow sufficient time for all parties to fully prepare for trial and to participate in trial.

10. The ends of justice served by this request for a continuance of the trial date outweigh the interest of the public and the Defendants in a speedy trial, considering the factors, among

1. others, set forth in Title 18, United States Code, Sections 3161(h)(8)(B)(iv). Defendants are not incarcerated and would not be significantly inconvenienced by an approximately 90 day delay of the trial.

11. The additional time requested by the Defendant's motion is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1)(F), 3161(h)(7), and 3161(h)(8)(A) when considering the factors, among others, under Section 3161(h)(8)(B)(iv).

12. This is the first request for continuance of the trial date by the Defendant Counsel.

THEREFORE, IT IS HEREBY ORDERED that the calendar call in the above-captioned matter currently scheduled for February 17, 2010, at the hour of 1:30 p.m., be vacated and continued to_____, _____, at the hour of _____, and the jury trial in the above-captioned matter currently scheduled for February, 22, 2010, at the hour of 9:00 a.m., be vacated and continued to_____, _____, at the hour of _____.

DATED this _____ day of _____, 2010

_____
UNITED STATES DISTRICT JUDGE