# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL DAVIS and SHAWN RICE,<br><br>Defendants. | 2:09-CR-78 JCM (RJJ) |

## ORDER

Presently before the court is pro se defendant Samuel-Lynn Davis' petition for a continuance of trial, filed on September 3, 2010. (Doc. # 160). The United States filed an opposition to the petition on September 7, 2010. (Doc. #161).

The defendant first appeared in court in this case on March 6, 2009, where counsel was appointed to him. Subsequently, he has gone from having counsel represent him, to representing himself, on several occasions. On June 16, 2010, defendant notified the court that he once again desired to represent himself. Nearly three months later, he filed the pending motion for a continuance of trial.

Defendant Davis requests that his trial, presently scheduled to begin Tuesday, September 21, 2010, be continued to allow him sufficient time to review the extensive discovery in this matter, and to familiarize himself with the rules and procedures of the court. The defendant asks this court to grant a continuance of at least 120 days.

Pursuant to 18 U.S.C. §3161(h)(7)(A), "any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel,""shall be

**James C. Mahan**
**U.S. District Judge**

excluded in computing the time within which...the trial of any offense must commence," "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of justice and the defendant in a speedy trial." Further, under 18 U.S.C. §3161(h)(7)(B)(iv), in deciding whether to grant a continuance, the judge may consider "whether the failure to grant such continuance in a case... would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

Although the court recognizes that defendant may require additional time to prepare for trial, the court finds a continuance of 120 days excessive, and declines to grant a continuance for the requested time period.

In the interests of justice, and in light of defendant's opportunity to prepare for trial since his June 16, 2010, notification to the court that he wished to represent himself, the court is inclined to grant a continuance of his trial for 60 days. Additionally, the continuance of time is excludable in the Speedy Trial Act computation, due to the fact that defendant has petitioned for the continuance, and has expressly stated in his petition (doc. #160), that "pursuant to the Speedy Trial Act, the additional time requested by the petition herein is excludable."

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant's petition for a continuance of trial (doc. #160) for 120 days be, and the same hereby is, DENIED

IT IS FURTHER ORDERED that this court grant defendant a 60 day continuance of trial.

IT IS THEREFORE ORDERED that the calendar call scheduled for September 15, 2010, be vacated and reset for November 10, 2010, at 1:30 p.m., and that defendant's trial scheduled for September 21, 2010, be vacated and continued to November 15, 2010 at 9:00 a.m..

DATED this 13th day of September, 2010.

James C. Mahan

UNITED STATES DISTRICT JUDGE