DANIEL G. BOGDEN
United States Attorney

MICHAEL A. HUMPHREYS
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6518
Facsimile: 702-388-6787
michael.humphreys@usdoj.gov

Attorneys for the United States.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMUEL DAVIS,<br>SHAWN RICE,<br><br>　　　　　　Defendants. | Case No. 2:09-cr-00078-JCM-RJJ |

**UNITED STATES' MOTION TO DISMISS<br>THE THIRD-PARTY PETITION OF CHARLES AND VICTORIA TINGLER<br>PURSUANT TO RULE 12(b)(6), FEDERAL RULES OF CIVIL PROCEDURE**

A.　**BACKGROUND AND FACTS**

　　The United States of America, Plaintiff herein, by and through the United States Attorney for the District of Nevada, moves this Court to dismiss the claim filed by Charles and Victoria Tingler (hereinafter, "the Tinglers"), as it relates to a preliminary order of forfeiture that this Court entered on March 28, 2011, with respect to monetary assets seized from Defendant Samuel Davis (hereinafter, "Davis"); to wit: $2,597.50. The Tinglers seek to recover $30,000.00 that they claim Davis obtained from them by fraud.

In the spring of 2008, the IRS commenced a criminal investigation into the suspected money-laundering practices of Samuel Davis and Shawn Rice.  As a part of that investigation, the IRS set up a sting operation wherein Davis and Rice were approached and solicited by IRS undercover operatives to launder money.  The undercover operatives told Davis and Rice that the money was the proceeds of a bank fraud.  Both Davis and Rice met with the undercover IRS agents and agreed to, and did in fact, launder money that was supplied to them by the IRS.[1]  Based on their actions, Davis and Rice were indicted and Davis has pled guilty to conspiracy and several money laundering counts.[2]  Pursuant to that conviction, Davis, whose sentencing is scheduled for October 27, 2011, has consented to the forfeiture of $2,597.50 in seized currency as well as an *in personam* criminal forfeiture judgment of $1,290,000.00.

Apparently, separate and apart from Davis' money-laundering activities, described above, the Tinglers allege, in their brief, one-page petition, that they gave Davis $30,000.00 to invest, and that he fraudulently failed to do so. *See* Petition of Interest in Forfeited Funds, Attach. 1.

The $30,000.00 certified check, dated February 26, 2009, that the Tinglers gave to Davis was made out to Boulder Mountain Funding Trust, Davis' corporate alter ego.  The Tinglers provide no other information about the circumstances of how, when or why they transferred the funds to Davis.[3]  Significantly, it does not appear, nor do the Tinglers state, that they

---

[1] The money was, in fact, legitimate government funds that the undercover operatives portrayed as proceeds of a specified unlawful activity; to wit: bank fraud. Such Government sting operations are expressly authorized by statute. 18 U.S.C. § 1956(a)(2)(B).

[2] Shawn Rice is a fugitive from justice.

[3] Indeed, although the Tinglers have included a copy of the certified check made out to Boulder Mountain Funding Trust as a part of their petition, there is no evidence, by way of receipt or other documentation, that they ever transferred the check to Davis/Boulder Mountain. However, since the Tinglers have made their petition under penalty of perjury, as required by 21 U.S.C. § 853(n)(3), as a *prima facie* matter only, we take them at their word that such transfer occurred.

collateralized or otherwise secured the $30,000.00 payment to Davis. In fact, the funds transfer appears to be nothing more than a straightforward payment for investment services that Davis agreed to render, but according to the Tinglers, never provided.

**B.     ARGUMENT**

    **1.     The Tinglers' Claim/Petition Fails To State A Claim From Which Relief Can Be Granted And Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(6)**

As a preliminary matter, we note that although ancillary proceedings are a component of criminal forfeiture actions, they are essentially civil in nature. *United States v. BCCI Holdings (Luxembourg), S.A.*, 69 F. Supp.2d 36, 54 (D.D.C. 1999). As such, this Court should invoke the dispositive provisions of Rule 12, Fed. R. Civ. P., if, as is the case here, the Tinglers' claim/petition does not satisfy the facial requirements of 21 U.S.C. § 853(n).

In ruling on a Rule 12(b)(6) motion, a court assumes all factual allegations are true and construes them in the light most favorable to the nonmoving party. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). However, a court does not assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). A court should dismiss a claim if it lacks a cognizable legal theory or if there are insufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). In *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937 (2009), the Supreme Court reiterated and repeated the plausibility requirement of a complaint, a requirement earlier addressed by the Court in *Twombly v. Bell Atlantic*, 550 U.S. 544 (2007). "[T]o survive a motion to dismiss, a complaint [or as is the case here, a third-party claim filed pursuant to 21 U.S.C. § 853(n)] must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft*, 129 S. Ct. 1949 (quoting *Twombly*, 550 U.S. at 570. As we will demonstrate below, even under the foregoing strict standard, the Tinglers' claim/petition is lacking a critical element; and, therefore, fails to state a claim from which relief can be granted, subjecting it to

1 | dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P.

2 |     **2.    The Tinglers Lack Standing To Be Petitioners Under 21 U.S.C. § 853(n) Because They Are Unsecured Creditors**

The Tinglers are unsecured creditors and, as such, lack standing to file a claim under 21 U.S.C. § 853(n)(2). The language of that subsection requires that a putative claimant possess a "legal interest" in the subject property.[4] The case law, both within and outside this Circuit, supports that principle. To have standing to assert a third-party property interest in a forfeiture action, a person must have a sufficient legal interest in those assets to satisfy the case-or-controversy requirement of Article III of the Constitution. *See United States v. Real Property Located at 5208 Los Franciscos Way,* 385 F.3d 1187, 1191 (9th Cir. 2004) (claimant's Article III standing "turns upon whether the claimant has a sufficient interest in the property to create a case or controversy"). Similarly, to prevail in an ancillary hearing as a stake-holder in forfeited property, within the context of a criminal forfeiture prosecution, a third-party claimant must establish that s/he has a legal interest in the particular asset named in the forfeiture order. *See Timley,* 507 F.3d at 1129-1130.

In this case, the Tinglers have no legally cognizable interest because they are unsecured creditors. The Tinglers have not and, we submit, cannot produce any evidence that they have a perfected or collateralized interest in the $30,000.00 that they say they gave to Davis. They have not offered, for example, any indication that they collateralized their payment of money to Davis by holding property such as a deed, or any other property owned by Davis, in escrow until they were paid in full. Nor have they, as far as we are aware, recorded a judgment lien on the

---

[4] Under the statute, not only must the claimant establish that s/he has a 'legal interest' s/he must also prove that s/he falls into the narrow categories of Section 853(n)(6)(A) and (B). If, however, the claimant cannot satisfy the threshold requirement of subsection (n)(2); to wit: that s/he is a 'legal owner' (as is the case here), the Court never reaches the merits of the claim under subsections (n)(6)(A) and (B). *See United States v. Timley,* 507 F. 3d 1125, 1129-1130 (8th Cir. 2007).

currency transfer with any federal, state or local recordation office.

We take no position on the issue of whether Davis is indebted to the Tinglers based on his, allegedly, unfulfilled agreement to invest their money. But as unsecured creditors, the Tinglers' claim is subordinate to the United States' status as a beneficiary of this Court's preliminary order of forfeiture. In fact, as best we can ascertain, the contract between Davis and the Tinglers was an ordinary oral agreement to provide (investment) services for money. The Tinglers have not even provided a writing that documents that agreement.

It is well-established that an unsecured creditor cannot satisfy the threshold requirement of 21 U.S.C. § 853(n)(2) and thus lacks standing to contest the forfeiture in the ancillary proceeding. *United States v. Power Company, Inc.*, 2008WL612207, at *6, (D. Nev. February 28, 2008), wherein the Hon. Philip M. Pro held:

> A general creditor has no interest in a particular asset or particular funds that is either vested or superior to a defendant's. He may have a right to receive payment, but he does not have a property interest superior to defendant's in any particular asset or funds until he has obtained some judgment and secures that asset or those funds. At that point, he is no longer merely a general creditor. Thus, the property remains property *of the defendant* even as against the claim of a general creditor. The general creditor's interest therefore does not threaten to undermine the Court's jurisdiction over the property, and does not invalidate the order of forfeiture.

*See also United States v. $20,193.39*, 16 F.3d 344, 346 (9th Cir. 1994)("Unlike secured creditors, general creditors cannot claim an interest in any particular asset that makes up the debtor's estate. For this reason, the federal courts have consistently held that unsecured creditors do not have standing to challenge the civil forfeiture of their debtors' property."); *United States v. BCCI Holdings (Luxembourg), S.A.*, 73 F.3d 403, 405 (D.C. Cir. 1996) (bank depositor was only a general creditor of the defendant bank; therefore it was the defendant's property, not the claimant's, that was forfeited); *United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185, 1191 (D.C. Cir. 1995) (unsecured creditors are not owners); *See also United States v. Ribadeneira*, 105 F.3d 833, 836 (2nd Cir. 1997) (person holding check drawn on defendant's forfeited bank account is a general unsecured creditor with no interest in specific funds); BCCI

Holdings, 69 F. Supp. 2d at 59-61 (a person who voluntarily transfers his property to the defendant is no longer the owner of that property; his ability to trace his property to defendant's assets is irrelevant; therefore, victims who transferred their property to the defendant are merely unsecured creditors, not owners of the forfeited property); *United States v. Strube*, 58 F. SUPP.2d 576, 581-583 (M.D. Pa. 1999) (family members who obtained a judgment lien against defendant personally were general creditors and not owners of any interest in an specific parcel of property).[5]

Given the foregoing legal authority as relates to the facts of this case, the Tinglers simply have no claim to any of the forfeited assets.

. . .

. . .

. . .

---

[5] Section 853(n)(2) requires proof of a legal interest *in the specific asset subject to forfeiture.* In contrast, a general unsecured creditor has an interest only in the defendant's estate as a whole, but no interest in the particular property named in the order of forfeiture. *See United States v. Schecter*, 251 F.3d 490, 496 (4th Cir. 2001) ("Although general creditors can claim an interest in their debtor's estates, they cannot claim an interest in any particular asset that makes up that estate").

*Cf United States v. $4,224,958.57 (Boylan)*, 392 F.3d 1002, 1004 (9th Cir. 2004). In *Boylan*, the Ninth Circuit held that where the Government holds an asset in constructive trust for a putative claimant, such claimant might have sufficient interest in the property to create a case or controversy under Article III.

However, in this case, the Government does not hold the asset in trust for the benefit of third-parties as was the case in *Boylan*; but merely as the statutory beneficiary of a preliminary order of forfeiture as authorized by Rule 32.2 (b), Fed. R. Crim. P. Under Nevada law, a constructive trust exists where: 1) a confidential relationship exists between the parties (in this instance as between the United States and the Tinglers); 2) retention of the title by the holder against another would be inequitable; and 3) the existence of such a trust is essential to the effectuation of justice. *Locken v. Locken*, 650 P2d 803, 805 (Nev. 1982). Because there is not now, nor has there ever been, a confidential relationship between the United States and the Tinglers, the latter cannot claim a trust relationship between the two that would entitle them to standing within the parameters of *Boylan*.

## C.   CONCLUSION

Based on the foregoing, the United States moves to dismiss the Tinglers' claim/petition with prejudice, pursuant to Rule 12 (b)(6), Fed. R. Civ. P.

DATED this 27th day of October 2011.

                              Respectfully submitted,

                              DANIEL G. BOGDEN
                              United States Attorney

                              */s/Michael A. Humphreys*
                              MICHAEL A. HUMPHREYS
                              Assistant United States Attorney

Charles and Victoria Tingler
963 Coleman Street
Placerville, CA 95667
530.903.2280

2011 MAY 27  A 9: 23

May 24, 2011

Certified Mail: 70090820000137563238-Clerk of the Court
70073020000097471650-Daniel D. Hollingsworth

2:09-cr-078

Clerk of the Court
UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
333 Las Vegas Boulevard
Las Vegas, Nevada 89101

Re: Petition of Interest in Forfeited Funds

Per the PRELIMINARY ORDER OF FORFEITURE, Notice of Criminal forfeiture was posted at the government's internet forfeiture site, www.forfeiture.gov, regarding the case United States v. SAMUEL DAVIS, 2:09-CR-078-JCM (RJJ). Please be advised that we, Charles and Victoria Tingler of 963 Coleman Street, Placerville, CA 95667 wish to enter a Petition of Interest for the forfeited funds based on the email copies and a copy of a Cashier's Check deposited into an account at Wells Fargo Bank, account number 6783965202, known as Boulder Mountain Funding Trust. We deposited these funds into this account as a private investment; this is clearly stated in the email copies provided. We were unaware of Samuel Davis' other business transactions although we did find it odd that the contract he had provided us was for a loan arrangement rather than an investment. Please note the lender is shown as Yellowphin, Inc. a corporation we are stockholders of and which Samuel Davis *did not* setup for us. After Samuel Davis was arrested and the criminal indictment was filed Samuel Davis would not answer phone calls, emails, or voicemail messages regarding these funds or let us know where they were. Through other resources, we were told that the funds were seized by FBI agents and not placed for investment as we had wished. The forfeiture notice does not mention assets of Boulder Mountain Funding Trust, however the indictment does on pages 4, and 7- 31. On these pages Boulder Mountain Funding Trust is mentioned numerous times. Due to these circumstances we feel it correct to file this petition of Interest in Forfeited Funds for the full amount deposited, $30,000.00.

Under penalty of perjury this is true and correct.

*Charles J. Tingler* (signature)
Charles J. Tingler

*Victoria Tingler* (signature)
Victoria M. Tingler

Enclosures

Attachment 1

## PROOF OF SERVICE

I, Michael A. Humphreys, AUSA, certify that the following individuals were served with the **UNITED STATES' MOTION TO DISMISS THE THIRD-PARTY PETITION OF CHARLES AND VICTORIA TINGLER PURSUANT TO RULE 12(b)(6), FEDERAL RULES OF CIVIL PROCEDURE** on this date by the below identified method of service:

**Electronic Case Filing**

Todd M Leventhal
Flangas & Leventhal
600 South Third Street
Las Vegas, NV 89101
Email: todlev@yahoo.com
*Counsel for the Defendant Samuel Davis*

Rebecca A Rosenstein
Federal Public Defender
411 E. Bonneville Avenue
Las Vegas, NV 89101
Email: Rebecca_Rosenstein@fd.org
*Counsel for the Defendant Samuel Davis*

Michael P. Kimbrell
Michael P. Kimbrell, LTD
523 S. 8th Street
Las Vegas, NV 89101-7002
Email: mpkimbrell@aol.com
*Counsel for the Defendant Shawn Rice*

**Regular Mail:**

Charles Tingler
963 Coleman Street
Placerville, CA 95667

Victoria Tingler
963 Coleman Street
Placerville, CA 95667

Shawn Rice
P.O. Box 700, #81
Ash Fork, AZ 86320
(Pro Se Defendant)

DATED this 27th day of October 2011.

                                    */s/ Michael Humphreys*
                                    MICHAEL A. HUMPHREYS
                                    Assistant United States Attorney